UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| **v.** | ) ) | **CRIMINAL NO. 05-15-P-H** |
| **AMAN TAFFERE,** | ) ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION FOR RELEASE**

Congress does not require that a defendant be immediately detained when he is sentenced if his appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," 18 U.S.C. § 3143(b)(1)(B), provided that the defendant is not likely to flee or pose a danger to the safety of others or the community, id. § 3143(b)(1)(A). Aman Taffere, the defendant here, asserts that by virtue of this statute he should be released effective last month, October 2007, and that at the very least I should convene a hearing (presumably on whether he is a risk of flight or danger to others or the community). His motion for release is **DENIED** because it is premature.

I signed the Judgment and Commitment Order sentencing Taffere to 58 months on September 23, 2005, for possessing cocaine base with the intent to distribute it, and ordered him then into immediate Bureau of Prisons ("BOP") custody. He appealed his sentence and the Court of Appeals for the First Circuit

affirmed it. United States v. Taffere, 196 Fed. Appx. 1 (1st Cir. 2006). He asked the Supreme Court to grant certiorari on November 10, 2006, and the Supreme Court has had his case under consideration since then. Id., petition for cert. filed, (U.S. Nov. 10, 2006) (No. 06-7774). Apparently his is one of a group of sentencing cases the Court has been considering. It granted certiorari in Claiborne v. United States, 127 S. Ct. 551 (2006), then dismissed it when Claiborne died, 127 S. Ct. 2245. Now it has granted certiorari in Kimbrough v. United States, 127 S. Ct. 2933 (2007), but continues to hold the Taffere case (No. 06-7774) and one other, see United States v. Eura, petition for cert. filed, (U.S. June 20, 2006) (No. 05-11659), in abeyance.

The issue before the Supreme Court is the cocaine base (crack)/cocaine powder sentencing disparity. At the time I sentenced Taffere, the Guidelines provided a 100:1 penalty ratio. I followed the Guidelines and refused to apply the 20:1 ratio that Taffere requested me to use. Taffere asserts that if the Supreme Court rules that a sentencing judge should consider the lower ratio and remands the case to me for resentencing, he will by then have served more than the prison time I could impose.[1] Alternatively, he argues that if the case is remanded for sentencing on any basis, the new Guideline that reduced the crack cocaine penalties effective November 1, 2007, will apply, and under that Guideline he will have served the minimum Guideline sentence by May of 2008.[2]

---

[1] I will assume, without deciding, that Taffere is correct. He asserts that with a 20:1 ratio, his new Guideline range would be 37 to 46 months, and assumes that as in the original sentence, I would sentence him one month more than the minimum. Presumably he is also calculating credit for good time to reach the conclusion that he would have been released in October 2007.

[2] Again, I assume without deciding that Taffere is correct. He says that under the new Guidelines
*(continued on next page)*

I do not address the question whether this statute applies when a defendant has been sentenced and already committed to BOP custody to serve his sentence, nor do I address the effect of 18 U.S.C. § 3143(b)(2), requiring immediate detention for someone sentenced for a controlled substance crime like this defendant notwithstanding an appeal or petition for certiorari.[3]

The Supreme Court has not yet issued the decision that Taffere hopes it will; perhaps its decision in Kimbrough will not be to Taffere's liking (given the affirmance of Taffere's sentence by the First Circuit, I do not predict that it is likely that Taffere's sentence will be reduced), and perhaps there will never be a remand of Taffere's case for resentencing. The new Guideline has gone into effect, but only as to those defendants sentenced after October 31, 2007. The Sentencing Commission has not yet decided to make it retroactive, and perhaps it never will.[4] If it does, there is still time for relief before May 2008 when, Taffere says, he will have served the appropriate sentence if the new Guideline applies to him.

If and when the Sentencing Commission makes the Guideline retroactive, or if and when the Supreme Court remands Taffere's case for resentencing, that will be time for Taffere to file a motion seeking release.

---

his range would be 46 to 57 months and that I would sentence him to 47 months.

[3] The introduction to section 3143(b)(1), the subsection upon which the defendant relies, states: "Except as provided in paragraph (2)." Paragraph (2) is the part that orders immediate and mandatory detention for a conviction like that of the defendant. Perhaps section 3145(c)'s "exceptional circumstances" would provide relief to the defendant. As the Government recognizes, essentially the defendant is arguing for a reduced sentence because of what he hopes the Supreme Court will do.

[4] If the Commission does make it retroactive, 18 U.S.C. § 3582(c)(2) would provide a vehicle for relief.

**SO ORDERED.**

**DATED THIS 8TH DAY OF NOVEMBER, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**